# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| EDUARDO LUIS BUENO, )  | |
|     Movant, ) | No. 3:18-CV-2037-N-BH |
| vs. ) | No. 3:16-CR-173-N-2 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|     Respondent. ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on August 6, 2018, should be **DENIED** with prejudice.

## I. BACKGROUND

Eduardo Luis Bueno (Movant) challenges his federal sentence in Cause No. 3:16-CR-173-N-2. The respondent is the United States of America (Government).

On July 19, 2016, Movant pleaded guilty to possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c). (*See* doc. 65, 75.)[1] His plea was accepted on September 9, 2016. (*See* doc. 80.) The United States Probation Office (USPO) filed a Presentence Report (PSR) on October 11, 2016, and an addendum on February 6, 2017. (*See* docs. 89, 106.) Neither the PSR, nor the addendum recommended a sentence adjustment under the United States Sentencing Guidelines (USSG) § 3B1.2(b), for a minor role in the offense. On August 14, 2017, Movant was sentenced to 135 months' imprisonment, and judgment was entered on August 21, 2017. (*See* docs. 113, 114.) Movant did not file a direct appeal.

---

[1] Unless otherwise indicated, all subsequent document numbers refer to the docket number assigned in the underlying criminal action, No. 3:16-CR-173-N (2).

Movant contends that his trial counsel was ineffective for failing to argue for a minor-role adjustment under USSG § 3B1.2 or a downward departure. (No. 3:18-CV-2037-N, doc. 1 at 4-5.)

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant claims that he is "a first time drug offender who was involved in only a limited participation, and thus qualified for a Minor-Role Adjustment," but counsel failed "to seek a minor-

2

role reduction or file a timely objection to the PSR" regarding a minor-role adjustment or "to argue for a minor role adjustment under 3B1.2." (No. 3:18-CV-2037-N, doc. 2 at 3.)

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *Id.* at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing

whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, a petitioner must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998);*see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

Movant's counsel submitted objections to the PSR, including an objection for not recommending a minor-role reduction. (*See* doc. 104 at 2-3). In response, the USPO filed a PSR Addendum which stated that Movant "could not be characterized as a minor participant" because he "has a high level of understanding regarding the scope and structure of the instant criminal activity in that he received 2 of the 4 kilograms of methamphetamine for the transaction with the confidential informant (CI) from his associate, codefendant Dominguez." (*See* doc. 106-1 at 2.) It also stated that Movant "also played a crucial role in planning the transaction, as he communicated with Dominguez to coordinate the logistics of delivering the methamphetamine," and "he could be characterized as a partner relative to the codefendants because he did not take orders from them and acted at his own discretion." (*See id*.)

4

Movant's counsel also filed a motion for a downward departure seeking, in part, a finding that Movant "was a minor participant" under USSG § 3B1.2.  (*See* doc. 105-1 at 2.)  At the sentencing hearing, Movant's attorney argued:

> [Movant] had a friend, Mr. Faz, who is a co-Defendant in this case but has absconded from the jurisdiction. Mr. Faz was a known drug dealer to the Government. He was looking to make a sale. He did not have access to his supplier. He asked [Movant]if [Movant] had knowledge of somebody who may have enough product, at which point [Movant] put him in contact with a different supplier who is also a co-Defendant in this case, and that is Mr. Dominguez. That was the extent of [Movant's] role. He was with co-Defendant Faz when Faz met Dominguez to get the product, and he was with Faz -- as Faz went to make the delivery, he was riding along in the car. [Movant's] involvement was truly only to the extent of a broker of putting a seller and buyer in contact and being present at the scene.
>
> . . . .
>
> And those are the main reasons, Your Honor, that we would ask the Court to consider everything as is written in the motion for downward departure and to consider departing from the Guidelines that place
>
> him well and above what is a fair and just sentence in my eyes and based upon what I submit to the Court.

(*See* doc 118 at 3-5.)

The record demonstrates Movant's counsel argued for a USSG § 3B1.2 minor-role adjustment and for a downward departure, through objections to the PSR, a motion for downward departure, and arguments at the sentencing hearing.  Movant has failed to show counsel was deficient.

Movant also failed to show prejudice.  Counsel's argument that Movant was a minor participant was addressed and rejected.  Prior to imposing the sentence, the Court stated, "I'm adopting the factual contents of the presentence report as my factual determination in connection

with sentencing. Respectfully, I'm overruling the objections for the reasons stated in the addendum." (*See* doc. 118 at 11.) Movant fails to demonstrate a reasonable probability that had counsel argued any differently for a minor-role reduction, his sentence would have been less harsh. Movant has failed to demonstrate counsel provided ineffective assistance. *See Strickland*, 466 U.S. at 687.

## IV.  RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SIGNED on this 31st day of December, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE